IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY WAYNE STUCKEY,

          Petitioner,                No. CIV S-11-1643 EFB P

    vs.

STATE OF CALIFORNIA,

          Respondent.         <u>ORDER</u>

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28 U.S.C. § 2254.  He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915.

      Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit.  Accordingly, petitioner's motion for leave to proceed *in forma pauperis* is granted.

      A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  The

1  petition must be dismissed if on initial review the court finds that "it plainly appears from the
2  petition and any attached exhibits that the petitioner is not entitled to relief in the district court."
3  Rule 4, Rules Governing § 2254 Proceedings.  As explained below, petitioner's application for a
4  writ of habeas corpus must be dismissed with leave to amend.  *See* Rule 4, Rules Governing
5  § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge,
6  it plainly appears "that the petitioner is not entitled to relief in the district court").

7          A petitioner seeking a writ of habeas corpus must name as respondent the person having
8  custody over him.  28 U.S.C. § 2242; Rule 2(a), Rules Governing Section 2254 Cases.  This
9  person ordinarily is the warden of the facility where petitioner is confined.  *See Stanley v.*
10 *California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  Petitioner names as respondent
11 State of California, which fails to meet the requirements of Rule 2(a).  Accordingly, petitioner
12 has not named the proper respondent.

13         An application for federal habeas relief must specify all grounds for relief, state facts
14 supporting each ground and state the relief requested.  Rule 2, Rules Governing § 2254 Cases.
15 Additionally, a petitioner who seeks relief from multiple judgments must file a separate petition
16 as to each judgment.  *See* Rule 2(e), Rules Governing § 2254 Cases.  While the court must
17 liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*,
18 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations
19 not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James*
20 *v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).  As drafted, the petition lacks adequate specificity.  The
21 court cannot determine from the petition whether petitioner is challenging a 1993 conviction,
22 which may be barred by the one-year statute of limitations, or instead, whether petitioner is
23 challenging the custody imposed a result of his more recent parole violation for use of marijuana.
24 For this additional reason, the instant petition fails to satisfy the requirements of Rule 2 of the
25 Rules Governing  § 2254 Cases.
26 ////

Finally, it appears on the face of the petition that petitioner has failed to exhaust state judicial remedies.  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).

After reviewing the petition for habeas corpus, it appears as though petitioner has failed to exhaust state judicial remedies.  He indicates that he did not appeal his conviction, and when asked, "Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal," petitioner checked the "No" box.  Dckt. No. 1.  Thus, it appears that petitioner's claims have not been presented to the California Supreme Court.  Further, there is no allegation that state court remedies are no longer available to petitioner.

Accordingly, it is ORDERED that:

1.  Petitioner's request for leave to proceed *in forma pauperis* is granted.

2.  The June 17, 2011 petition is dismissed.

3.  Petitioner has 30 days from the date of this order to file an amended petition for a writ of habeas corpus curing the deficiencies identified in this order.  In addition to specifying which judgment of conviction he wishes to challenge, along with the accompanying grounds for relief supported by facts, petitioner must also name the proper respondent and state whether he has presented his claims to the California Supreme Court or that state remedies are no longer

_____

[1]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

available.  The petition must bear the docket number assigned to this action and be styled, "First Amended Petition."  The petition must also be complete in itself without reference to any prior petition.

4.  Petitioner's failure to comply with this order will result in this action being dismissed.

5.  The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated:  January 6, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE